UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAYLA RENAE CURRY, an individual,

Plaintiff,

v.

NISSAN NORTH AMERICA, INC.,

Defendant.

No.  2:25-cv-3756 AC

ORDER

This action is before the undersigned for all purposes pursuant to the parties' consent. ECF No. 6.  Defendant removed this case from state court on December 30, 2025.  ECF No. 1. Plaintiff now moves to remand, arguing that the removal was procedurally defective because it was untimely.  ECF No. 8.  Defendant opposes the motion.  ECF No. 13.  For the reasons set forth below the court DENIES plaintiff's motion.

## I.    Relevant Background

This case was initially filed on October 15, 2025 in the Superior Court of California for the County of Sacramento.  ECF No. 1-1 at 1.  The complaint alleges that plaintiff purchased a 2022 Nissan Rogue from Future Nissan, located in Roseville, California, manufactured and/or distributed by Defendant.  Id. at 3.  "The total amount paid and payable, incidental and consequential damages and 2 civil penalties exceeds $35,000."  Id. at 4.  The vehicle came with an express warranty that provided, "in relevant part, that in the event a defect developed with the

Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative, and the Vehicle would be repaired." Id. at 4.  During the warranty period, the Vehicle contained or developed several defects that the representatives in this state were unable and/or failed to repair. Id. at 5.  Plaintiff sued defendant for multiple violations of California's Lemon Law (the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 et seq.). Id. at 5-10.  Plaintiff's prayer for relief did not name a specific dollar amount, but sought actual damages according to proof at trial, restitution, incidental and consequential damages, civil penalty in the amount of two times plaintiff's actual damages, and attorneys' fees and costs. Id. at 10.

Defendant filed a notice of removal and removed this case on December 30, 2025 on the basis of diversity jurisdiction.  ECF No. 1.  The notice of removal addressed the issue of timeliness. Id. at 6-9.  Defendant asserted that over "the last 30 days, Nissan, through counsel, conducted a preliminary investigation and determined that Plaintiff's citizenship and the reasonable, non- speculative estimation of the amount in controversy placed at issue through Plaintiff's allegations plausibly give rise to subject matter jurisdiction.  However, Nissan maintains that Plaintiff's Complaint is ambiguous as to the amount in controversy and therefore, Nissan's duty to remove under 28 U.S.C. § 1446(b) has not been triggered." Id. at 2 (citing Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 691 (9th Cir. 2005)).  Absent a statutory duty to remove under § 1446(b), defendant maintains that removal was timely under "the one-year deadline" of § 1446(c). Id. at 9 (citing Roth v. CHA Hollywood Medical Center, P.P., 720 F.3d 1121, 1125 (9th Cir. 2013).

Plaintiff now moves the court to remand this action to Sacramento County Superior Court because (1) defendant failed to remove the case within the 30-day time limit set forth in 28 U.S.C. § 1446(b)(1); and (2) defendant's untimeliness is not excused by an exception to the 30-day timeline for removal.  ECF No. 8-1 at 2.

## II.    Legal Standard

"Federal courts are of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  A defendant may remove any civil action from state court when the

federal district court has original jurisdiction.  28 U.S.C. § 1441(a).  A federal court has original jurisdiction in cases in which the amount in controversy "exceeds the sum value of $75,000, exclusive of interest and costs," and in which the parties are diverse.  28 U.S.C. § 1332(a).  The statute governing removal of civil actions, 28 U.S.C. § 1441, "is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.  The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (internal citations omitted).

The procedures governing removal of civil actions are specified in 28 U.S.C. § 1446.  That statute provides two 30-day periods for removal: (1) 30 days running from when the defendant receives a copy of the initial pleading, 28 U.S.C. § 1446(b)(1); or (2) "if the case stated by the initial pleading is not removable," 30 days running from the time the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable.  28 U.S.C. § 1446(b)(3).  "In Harris v. Bankers Life & Casualty Co., the Ninth Circuit addressed when the thirty-day removal clock was triggered in situations where 'it is unclear from the complaint whether the case is removable.'"  Sweet v. United Parcel Serv., Inc., 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009) (quoting Harris v. Bankers Life & Cas. Co., 425 F.3d 689 (9th Cir. 2005)).  There, the court "considered and rejected the proposition that a defendant has a duty to investigate—in its own records or otherwise—a basis for removal when the pleading does not disclose one on its face."  Id.  "It also rejected the suggestion that the defendant's subjective knowledge or a 'clue' in the complaint might trigger the thirty-day clock." Id.  The Ninth Circuit unequivocally confirmed that "notice of removability under § 1446(b) is determined through the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  Harris, 425 F.3d at 694.

28 U.S.C. § 1446(c)(1) provides that removal under subsection (b)(3) on the grounds of diversity may not occur more than one year after filing of the action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

### III.    Analysis

Plaintiff's motion for remand argues that defendant's removal was untimely because, though plaintiff did not allege an amount in controversy in the complaint, defendant knew or should have known that the amount in controversy exceeded the removable threshold based on the causes of action identified and the fact that the MSRP on the lowest trim package of the Nissan Rogue is in excess of $27,000.00.  ECF No. 8-1 at 5.  This theory has been considered by numerous district courts in this circuit and has been consistently rejected.  See, e.g., Imery v. Nissan N. Am., Inc., No. 8:21-cv-02029-JLS-DFM, 2022 WL 1639591, at *2 (C.D. Cal. May 24, 2022); Longoria v. Ford Motor Co., No. 2:22-cv-07560-JLS-PVC, 2022 WL 16961482, at *2 (C.D. Cal. Nov. 16, 2022);  Martinez v. Ford Motor Co., No. 2:23-cv-02788-JLS-AGR, 2023 WL 3775174, at *2 (C.D. Cal. June 2, 2023); Cuevas v. Ford Motor Co., No. CV 22-1520-DMG (MAAx), 2022 WL 1487178, at *3 (C.D. Cal. May 11, 2022); Holdings v. Ford Motor Co., No. 5:21-cv-02172-SVW-SHK, 2022 WL 2235815, at *2 (C.D. Cal. Feb. 22, 2022); Tirado-Lizarraga v. Ford Motor Co., No. 23-CV-01411-RS, 2023 WL 3868377, at *3 (N.D. Cal. June 6, 2023); Moran v. Ford Motor Co., No. 23CV845 JM (BLM), 2023 WL 4532755, at *3 (S.D. Cal. July 13, 2023); Hayer v. Mercedes-Benz USA, LLC, No. 220CV01964MCEJDP, 2021 WL 809388, at *3 (E.D. Cal. Mar. 3, 2021).

The undersigned agrees with the many other courts that have held that "while Defendant could have made a plausible guess that the amount in controversy in this case exceeded $75,000, Defendant was under no obligation to do so."  Moran v. Ford Motor Co., No. 23-cv-845 JM (BLM), 2023 WL 4532755, at *3 (S.D. Cal. July 13, 2023).  The court accordingly rejects plaintiff's theory that defendant was required under § 1446(b)(1) to remove within 30 days after service of the complaint.  This is the only argument for remand presented, and plaintiff acknowledges that the substantive requirements for diversity jurisdiction under § 1332(a) are satisfied.  ECF No. 8-1 at 2.  Because there has been no showing of untimely removal and federal jurisdiction is undisputed, the motion for remand will be denied.

////

////

**IV.    Conclusion**

For the foregoing reasons, the motion to remand (ECF No. 8) is DENIED.

IT IS SO ORDERED.

DATED: April 2, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE